UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHANIEL MALOY, | ) |
| | ) |
| Plaintiff, | ) |
| | )  Civil Action No. 1:22-cv-03358 (UNA) |
| v. | ) |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case without prejudice for the reasons stated herein.

Plaintiff, a resident of Pahrump, Nevada, sues the Internal Revenue Service ("IRS"), based on federal question jurisdiction, but from there his complaint is far from a model of clarity. He alleges that the IRS is not "allowing [him] to close the case even though [he] frauded the bank account, and leaving [him] to deal with this however they see fit." He demands $200,000 because "the above mentioned . . . bank account associated with this case is fraudulent and [he has] closed it," but the IRS is allegedly "not allowing [him] to close [the] case." Per the documents attached to the complaint, it appears that plaintiff contests the contents of certain tax return(s), and one or more 1099-Ks, sent to him from "Paypal powered by Braintree," regarding payments that were reported to the IRS through a third-party processor that he purportedly received as proceeds of an online business, that were then distributed into a "BBVA Bank account." It also appears that he has corresponded with both Braintree and BBVA regarding the bank account at issue, and that on or about August 2021, the IRS acknowledged plaintiff's challenge to changes on one of his tax returns.

First, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls into this category.

Second, it is unclear under what, if any, federal question plaintiff intends to raise. Plaintiff fails to cite to any legal authority in the body of the complaint, and the civil cover sheet cites only to the False Claims Act ("FCA"), 31 U.S.C. § 3730. However, the FCA authorizes a private individual, as a relator, "to bring [a *qui tam*] action in the Government's name, and to recover a portion of the proceeds of the action, subject to the requirements of the statute." *U.S. ex rel. Batiste v. SLM Corp.*, 659 F.3d 1204, 1206 (D.C. Cir. 2011) (citations omitted); 31 U.S.C. § 3730. In federal courts, a plaintiff "may plead and conduct their own cases personally or by counsel[.]" 28 U.S.C. § 1654. Here, the United States is "the real party in interest," *Cobb v. California*, No. 15-cv-176, 2015 WL 512896, at *1 (D.D.C. Feb. 4, 2015), therefore, the "*pro se* plaintiff may not file a *qui tam* action[,]" *Jones v. Jindal*, 409 Fed. App'x. 356 (D.C. Cir. 2011) (per curiam); *see Gunn v. Credit Suisse Grp. AG*, 610 Fed. App'x 155, 157 (3d Cir. 2015) (noting that "every circuit that

has [addressed the issue] is in agreement that a *pro se* litigant may not pursue a *qui tam* action on behalf of the Government") (citing cases)); *U.S. ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 Fed. App'x 731, 732 (7th Cir. 2006) ("[A] *qui tam* relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself.  He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants.").

Third, the court acknowledges that the Administrative Procedures Act ("APA") waives the sovereign immunity of the United States for certain claims against federal agencies.  *See* 5 U.S.C. §§ 701–06.  But the APA only waives immunity for non-monetary claims against federal agencies, *see id.* § 702; *Cohen v. United States*, 650 F.3d 717, 723 (D.C. Cir. 2011) (en banc) ("[T]here is no doubt Congress lifted the bar of sovereign immunity in actions not seeking money damages."), and here, plaintiff explicitly seeks monetary damages.

Fourth, under the APA, a "final agency action" is necessary prior to judicial review and it does not appear from the complaint that plaintiff has received a final agency decision on the matter at issue.  At the very least, the complaint fails to identify any final agency action that is the subject to the APA.  *See* 5 U.S.C. § 704; *see also McCoy v. Cardamone*, 646 F. Supp. 1143, 1144–45 (D.D.C. 1986).  It is further unclear what obligation, if any, the IRS has under the APA, or any other statute, to otherwise comply with plaintiff's requests regarding his bank account, or what responsibility it has regarding the underlying actions of Braintree or the BBVA.

Finally, federal district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

28 U.S.C. § 1346(a)(1). However, the Tucker and Little Tucker Acts, 28 U.S.C. §§ 1491, 1346(a)(2), set limits on the circumstances in which the United States may be sued for monetary relief. The United States Court of Federal Claims generally has exclusive jurisdiction over claims, such as here, "not sounding in tort" and brought "against the United States for 'liquidated or unliquidated damages'" exceeding $10,000. *Smalls v. United States*, 471 F.3d 186, 189 (D.C. Cir. 2006) (quoting 28 U.S.C. § 1491); *see Kidwell v. Dep't of Army, Bd. for Correction of Military Records*, 56 F.3d 279, 284 (D.C. Cir. 1995) ("[A] claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government.") (citations omitted). As noted, plaintiff demands $200,000, therefore, assuming a claim was even cognizable, the United States Court of Federal Claims would have jurisdiction. *See* 28 U.S.C. § 1346(a)(2).

For all of these reasons, the court grants plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and dismisses the complaint without prejudice, ECF No. 1. An order accompanies this memorandum opinion.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Amy B Jackson
　　　　　　　　　　　　　　　　　　　　　　　AMY BERMAN JACKSON
Date:  December 13, 2022　　　　　　　　　　　United States District Judge